**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

DONNETTA S. PERRY,      )
          )
     Plaintiff,      )
          )
     v.      )      No. 1:11CV48 LMB
          )
HARDEE'S, et al.,      )
          )
     Defendant.      )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Donnetta Perry for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

### The Complaint

Plaintiff brings this action under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq*. Named as defendants are Hardee's, St. Louis Bread Company, Arby's, Clearview, Renaissance Motel, First Crust Company Pizza, Jimmy Yin, Chicken Express, and Sikeston Health Care. The complaint, which is mostly incoherent, alleges that plaintiff has not received "full clearance of paycheck" from her former employers. Plaintiff did not file a charge of discrimination with the EEOC.

### Discussion

Before filing a complaint for violation of the Rehabilitation Act in this Court, plaintiff must pursue administrative remedies with the EEOC. See 29 U.S.C. § 794a(a)(1); Spelke v. Gonzalez, 516 F. Supp. 2d 76, 82 (D.D.C. 2007). Because plaintiff has not filed a charge of discrimination with the EEOC, the complaint must be dismissed for failure to exhaust administrative remedies.

Moreover, to state a prima facie case under § 504 of the Rehabilitation Act a plaintiff must show that: (1) he or she is a person with a disability under the terms of the act; (2) he or she is otherwise qualified for the position; (3) he or she is being excluded from the position solely by reason of this disability; and (4) the position exists as part of a program or activity receiving federal financial assistance. See 29 U.S.C. § 794; Bento v. I.T.O. Corp., 599 F. Supp. 731, 741 (D.R.I. 1984). Plaintiff has not set forth any facts showing any of the elements of a prima facie case under the Rehabilitation Act. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of March, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE